

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed December 19, 2023**

_____
**United States Bankruptcy Judge**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| CHANCE WADE BRITT and | § | Case No.: 21-50153-rlj11 |
| ALEXA LYNN BRITT, | § | |
| | § | |
| Debtors. | § | |
| | § | |
| RAIDERLAND HOLDINGS, LLC and | § | |
| JEFFREY TAIT CROW, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Adversary No. 23-05006 |
| | § | |
| WTX WO, LTD., QUBALL | § | |
| HOLDINGS, LLC, JOSHUA L. | § | |
| ALLEN, and JOHNNY QUBTY, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION

This adversary proceeding was originally filed in the 72nd District Court of Lubbock County, Texas. The defendants in the state court action—WTX WO, Ltd., Quball Holdings, LLC, Joshua L. Allen, and Johnny Qubty (collectively, Defendants)—removed the action to this

1

Court. Plaintiffs Raiderland Holdings, LLC (Raiderland) and Jeffrey Tait Crow now ask the Court to remand the action back to the state court or, alternatively (or in addition), to abstain from exercising jurisdiction over the case. Defendants oppose remand, contending this action is more properly considered in federal court—either before this Court, the bankruptcy court, or for trial before the federal District Court. Hearing on plaintiffs' motion was held on November 15, 2023.

I.

Defendants' removal is premised on their contention that the action is, at least, "related to" the chapter 11 bankruptcy case of Chance and Alexa Britt that was prosecuted before this Court. (They also contend that the action may indeed be characterized as a "core proceeding" given its connection to the Britts' bankruptcy case and the Britts' failure to address their interest in the cause of action in their chapter 11 plan.) Plaintiffs Raiderland and Crow contend the Defendants' asserted bases for jurisdiction are, at best, misguided.

By the action, Plaintiffs seek recovery against Defendants for alleged violations of state (Texas) securities laws and breach of fiduciary duties; they also ask for an accounting.

As presently postured—an action between parties of which none were a debtor or creditor in the Britts' bankruptcy case, and for which recovery is based solely on state law—there is no apparent basis for federal court jurisdiction. Defendants do not contend that diversity jurisdiction applies or that the suit raises a federal question apart from their asserted bankruptcy-basis for jurisdiction. They say, instead, that the Britts, as the string-pullers, have effectively manipulated the circumstances—and improperly so—*to avoid* federal court jurisdiction.

II.

Defendants' arguments are based on the following:

2

- Raiderland, which is wholly owned by the Britts, forfeited its charter in early January 2021, ten months prior to the Britts' bankruptcy filing.

- While the Britts' bankruptcy case was pending, *the Britts*, individually, and Raiderland, on April 5, 2022, sued Defendants *in the bankruptcy court* on the same causes of action as are now asserted.  But then, on May 30, 2022, they moved to dismiss the proceeding, without prejudice to refiling, which the Court granted by its order of June 14, 2022.

- The Britts' bankruptcy plan, filed in March 2022 and confirmed by the Court on April 22, 2022, did not address or specifically retain this cause of action.  (A final decree was issued in the bankruptcy case in late October 2022, evidencing the Britts' plan was "substantially consummated.")  The Britts are not parties to the present action that was filed in state court in August 2023.

- Raiderland's charter was not reinstated until September 2023, after it had filed this suit as a party-plaintiff.

To bolster their position, Defendants note that the Britts did not specifically retain the action in their plan (and disclosure statement), which failure, Defendants say, forecloses the pursuit of this action.  While such outcome would obviously benefit Defendants, they also make the curious argument that the Britts' creditors were entitled to notice of the action and any potential recovery from the action—presumably funded from a potentially successful outcome in this action against the Defendants.

The Britts' confirmed plan provides that all creditors will be paid in full.  The payout to unsecured creditors extends over ten years with interest at 1.35%.  The Court found that the Britts' plan satisfied the liquidation test—that creditors will recover not less than what they

3

would receive had their case been filed under chapter 7 of the Bankruptcy Code. Few creditors participated by voting for or against the plan—six creditors voted, four secured creditors and two unsecured creditors. And such creditors voted in favor of the plan.

III.

Federal courts are courts of limited jurisdiction—there must be a clear basis for the Court's exercise of jurisdiction. *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). In assessing whether jurisdiction lies with the Court (as referred by the District Court), the Court, at this initial stage of the action, considers as parties only those that are presently before this Court—plaintiffs Raiderland and Crow and defendants WTX WO, Quball Holdings, Allen, and Qubty. *See Double Eagle Energy Servs., LLC v. Markwest Utica Emg, LLC*, 936 F.3d 260, 263 (5th Cir. 2019) (applying the "time-of-filing" rule to determine whether bankruptcy courts have jurisdiction under 28 U.S.C. § 1334). The causes of action are state-law based; there is no showing of a non-bankruptcy basis for jurisdiction. There is no showing of *any* basis for subject matter jurisdiction on Crow's claims. Argument that the Court must or should require that Crow be placed in federal court is, without more, unavailing.

Removal of an action that concerns a bankruptcy case to federal court requires that the federal court have jurisdiction under 28 U.S.C. § 1334. 28 U.S.C. § 1452(a). The district courts have original and exclusive jurisdiction of bankruptcy *cases*—as distinct from "proceedings"—that are filed in the bankruptcy court. 28 U.S.C. § 1334(a). The district courts have original but not exclusive jurisdiction of *proceedings* that "arise under" the Bankruptcy Code or "in" the bankruptcy case or are "related" to the bankruptcy case. 28 U.S.C. § 1334(b).

This action, as filed, is between parties that have no stake in the Britts' bankruptcy case. The action was not mentioned in their chapter 11 plan or as part of the required disclosures for

4

the plan.  The Defendants were not creditors of the Britts.  The Court approved the disclosure statement as containing adequate information for the creditors; and the Court then approved the debtors' plan, which, as stated above, provides for full payment to each class of creditors.  The bankruptcy case was closed on December 8, 2022; Raiderland and Crow filed this action in August 2023.  That the Britts are *not* parties to the cause as pleaded is not a question.  Raiderland was not, and is not, a debtor in bankruptcy.  The action is based solely on Texas law.  The Court finds no basis for federal court jurisdiction and must, therefore, remand the action back.

The Court briefly addresses the Defendants' argument that jurisdiction is proper in federal court because of *the Britts'* failure to describe and account for this action in their bankruptcy case and, particularly, their chapter 11 plan and required disclosures for their plan.  Defendants submit this somehow confers core bankruptcy jurisdiction to the federal district court.  In effect, they contend the Britts must be considered as the "real" party-plaintiffs.  They point to the first action that the Britts filed, with virtually identical allegations against the Defendants.  As noted, that action was dismissed.  Raiderland and Crow filed the present action.  Defendants contend the Britts are engaging in gamesmanship and forum shopping.  But the Court will not, and cannot, at this stage of the action assume there is some basis for federal jurisdiction based solely upon curious procedural facts.  Perhaps the first action was filed by the wrong party.  The question of whether the Britts should be deemed the party-plaintiffs is one to be taken up by the state court that unquestionably has jurisdiction, not a federal court.  And the issue of whether the Britts must somehow be estopped from bringing the action because of a combination of their being deemed the real party in interest and their failure to address such claim in their bankruptcy case is an issue to take-up when and if such finding is made.

Last, even were the Court to conclude that the facts and circumstances here might create

5

related-to jurisdiction, the action would then be subject to mandatory abstention. *See* 28 U.S.C. § 1334(c)(2). The motion here was timely made, there is no pleaded basis for non-bankruptcy related jurisdiction, and the action can be timely adjudicated in state court.[1]

### End of Memorandum Opinion ###

---

[1] The parties each provided testimony from local attorneys that trial in state court could be had within 21 to 24 months. While trial may take place sooner in federal court, the Court does not characterize the state court timeframe as untimely.